**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| JOHNNY RAY CALDWELL,<br><br>              Plaintiff,<br><br>     v.<br><br>UTAH STATE PRISON et al.,<br><br>              Defendants. | Case No. 2:05-CV-740 TS<br><br><br>**MEMORANDUM DECISION AND**<br>**SCREENING ORDER**<br>**DISMISSING COMPLAINT** |

Plaintiff, William Henry Sherratt, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.S. § 1983 (West 2007).  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b).  *See* 28 *id.* 1915.  This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  For

1

screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II.  Sufficiency of Plaintiff's Complaint

Plaintiff's complaint appears to be a rehash of a previous lawsuit filed in this court challenging the determination by prison medical staff that Plaintiff no longer requires medication and treatment for schizophrenia.  In his previous suit, *Caldwell v. Utah State Prison* 2:04CV176 DAK, Plaintiff alleged that he has a long history of mental illness, that for many years he received treatment and medication for mental illness both in and out of prison, and, that in 2003 prison officials revised Plaintiff's diagnosis and discontinued his medication in violation of the Eighth Amendment.  On January 27, 2005, that case was dismissed

2

on screening for failure to state a claim on which relief could be granted.  (2:04CV176DAK, doc. no. 43.)  The dismissal was subsequently affirmed by the Tenth Circuit Court of Appeals on June 23, 2005, "for substantially the same reasons set forth in the district court's well-reasoned January 27, 2005 order and judgment of dismissal."  (2:04CV176DAK, doc. no. 64.)

Under the doctrine of claim preclusion (res judicata) "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't. Stores v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428 (1981); *see also Baker v. General Motors Corp.*, 522 U.S. 222, 233, n. 5, 118 S. Ct. 657, 664, n. 5 (1998) ("a valid final adjudication of a claim precludes a second action on that claim or any part of it").  Although claim preclusion is an affirmative defense which generally must be pleaded, *see* Fed. R. Civ. P. 8C; *see also Blonder-Tongue Laboratories, Inc. v. University of Ill. Foundation*, 402 U.S. 313, 350, 91 S. Ct. 1434, 1453 (1971), "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised."  *United States v. Sioux Nation*, 448 U.S. 371, 432, 100 S. Ct. 2716 (1980).

In the present case, filed just three months after the Tenth Circuit's affirmance in case number 2:04CV176DAK, Plaintiff once

3

again alleges, albeit in a somewhat more disjointed and conclusory fashion, that Defendants are subjecting him to cruel and unusual punishment in violation of the Eighth Amendment by denying him adequate treatment and medication for schizophrenia. The Court previously determined that these allegations fail to state a claim on which relief can be granted.  None of Plaintiff's present claims appear to be based on events which occurred after those alleged in Plaintiff's previous suit. Moreover, Plaintiff does not allege any facts in the present case showing that his condition has changed substantially, or that there are any new grounds on which to conclude that Defendants' current diagnosis and treatment amounts to cruel and unusual punishment.

   Based on its finding that the claims presented in this case are virtually identical to those raised in Plaintiff's previously dismissed § 1983 suit, the Court concludes that Plaintiff's claims are barred under the doctrine of res judicata.  Moreover, given the clearly repetitive nature of Plaintiff's claims the Court concludes that this suit is frivolous.  *See Childs v. Ortiz*, No. 06-1337, 2007 WL 1241650, at *1 (10th Circ April 30, 2007)(holding that "repetitious litigation of virtually identical causes of action may be dismissed as frivolous under § 1915(e).")

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that this case is **dismissed** as frivolous under 28 U.S.C. § 1915(e)(2)(B).

DATED this 5th day of July, 2007.

BY THE COURT:

_____
Ted Stewart
United States District Judge